**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
ONE WILSHIRE BUILDING
624 SOUTH GRAND AVENUE, SUITE 2000
LOS ANGELES, CALIFORNIA 90017-3383
TELEPHONE (213) 629-7600
FACSIMILE (213) 624-1376

David A. Tartaglio (State Bar No. 117232)
*d.tartaglio@mpglaw.com*
Laura K. Kim (State Bar No. 197944)
*l.kim@mpglaw.com*

Attorneys for Defendants PHELPS DUNBAR, LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,<br><br>  Plaintiff,<br><br>  vs.<br><br>PHELPS DUNBAR, LLP; LINDAHL BECK, LLP; and DOES 1-100, inclusive,<br><br>  Defendants. | CASE NO.<br><br>(Superior Court Case No. BC 662052)<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1331 and 1441(b) [FEDERAL QUESTION]** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

  **PLEASE TAKE NOTICE** that Defendant PHELPS DUNBAR, LLP hereby removes to this Court the State Court action described below.

  1.  On May 19, 2017, a complaint for damages was filed in the Superior Court of the State of California, County of Los Angeles, entitled <u>Certain Underwriters at Lloyds of London</u>, vs. Phelps Dunbar, LLP, Lindahl Beck, LLP, bearing Case No. BC662052. A copy of the Summons and Complaint is attached hereto as Exhibit "A."

  2.  A copy of the Civil Case Cover Sheet filed in the State Court Action is attached hereto as Exhibit "B."

3. A copy of Civil Deposit and Plaintiff's Notice of Deposit of Jury Fees are attached as Exhibit "C."

4. A copy of the "Notice of Case Management Conference and Order" served with the Summons and Complaint is attached hereto as Exhibit "D."

5. A copy of the Proof of Service of Summons for Phelps Dunbar filed in the State Court Action is attached hereto as Exhibit "E."

6. A copy of the Proof of Service of Summons for Lindahl Beck filed in the State Court Action is attached hereto as Exhibit "F."

7. A copy of an "Order to Show Cause Hearing" is attached hereto as Exhibit "G."

## II. THIS REMOVAL NOTICE IS TIMELY

8. Defendant was served with this Complaint and Summons on June 16, 2017.

9. Pursuant to 28 U.S.C. § 1446(b), "[the] Notice of Removal of a civil action or proceeding shall be filed within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading."

10. Thirty days from the initial date of service on the Defendant is July 17, 2017 (since July 16, 2017 falls on a Sunday). As this notice is being filed by July 17, 2017, Defendant's Notice of Removal is timely.

## III. FEDERAL QUESTION JURISDICTION

11. Federal courts have original federal question jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

12. Federal question jurisdiction exists whenever a claim "necessarily depends on resolution of substantial questions of federal law," even if the plaintiffs do not assert a federal cause of action. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

13. The U.S. Supreme Court has "recognized for nearly 100 years

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

1060025.1

2

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)

that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." <u>Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.</u>, 545 U.S. 308, 312 (2005). This "doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." <u>Id</u>. A federal court should exercise jurisdiction based on a state law claim when that claim necessarily raises a "substantial" and disputed federal issue, which a federal court may address without "disturbing any congressionally approved balance of federal and state judicial responsibilities." <u>Id.</u> at 314.

14.   Here, although plaintiff does not assert any federal cause of action *per se,* all of the causes of action it asserts against Phelps depend on the resolution of substantial questions of federal law, namely, as to whether Plaintiff should be compelled to arbitration under 9 U.S.C. §§ 3, 4, & 201.

15.   The New York Convention entered into force in the United States on December 29, 1970. *See*, 9 U.S.C. §§ 201–208.  Hence, the United States is a Contracting State to the New York Convention.  The United Kingdom is also a Contracting State to the New York Convention.

16.   Article II of the New York Convention sets forth the responsibilities of the Contracting States.  This Article states:

> 1. Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which may have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.
>
> 2. The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.

3. The court of a Contracting State, when seized of an action in a matter in respect of which the parties have made an agreement within the meaning of this article, shall, at the request of one of the parties, refer the parties to arbitration, unless it finds that the said agreement is null and void, inoperative or incapable of being performed.

17. Arbitration agreements falling under the New York Convention are subject to original federal court jurisdiction and capable of being removed by a qualifying party pursuant to a special removal clause contained in the legislation implementing the New York Convention.

18. Congress expressly incorporated the New York Convention into federal law through Chapter 2 of the Federal Arbitration Act ("FAA"). 9 U.S.C. §§ 201–208. The FAA envisions federal jurisdiction to govern the enforcement of arbitration agreements and of arbitral awards made pursuant to such agreements. *See, e.g.*, *Jain v. de Mere*, 51 F.3d 686, 688–89 (7th Cir. 1995).

19. Pursuant to Section 203 of the legislation implementing the New York Convention, "[a]n action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203. Consequently, the FAA mandates the enforcement of the New York Convention in United States courts and creates original federal subject-matter jurisdiction over any action falling under the New York Convention.

20. In addition to the jurisdictional grant provided in Section 203, Congress also provided a separate and distinct statute for the removal of New York Convention cases from state court. Pursuant to Section 205, state court proceedings relating to an arbitration agreement falling under the New York Convention may be removed to a federal court at any time before trial. 9 U.S.C. § 205 provides:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, **at any time before the trial thereof, remove such action or proceeding to the district court of the United States** for the district and division embracing the place where the action or proceeding is pending. . . . (Emphasis added).

21. Under Article II of the New York Convention, the United States and the United Kingdom are each bound to "recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which may have arisen or which may arise between them . . ." and the courts of these countries are bound to enforce such agreements.

22. Plaintiff and Phelps entered into a contractual agreement to submit all disputes between themselves to binding arbitration. Specifically, Paragraph 30 of the Agreement states:

> "30.  Dispute Resolution
>
> The parties are free to choose the law and jurisdiction that applies to this agreement which shall be recorded in appendix A. In the absence of any choice having been recorded in Appendix A any dispute or differences arising out of or relating to this Agreement will be subject to the laws of England and Wales and shall be submitted to the decision of a single arbitrator before the LCIA. [London Court of International Arbitration]  The arbitration proceedings shall take place in London, England and shall be conducted in the English language."

23. The Arbitration clause in the Agreement between Phelps and Plaintiff falls under the New York Convention pursuant to 9 U.S.C. §202 because it is included in a commercial contract that is not entirely between citizens of the United States.

24. This Court possesses original subject matter jurisdiction of an action or proceeding falling under the New York Convention pursuant to 9 U.S.C. § 203. Therefore, Phelps is entitled to a federal forum to determine, *inter alia*, its

rights under the Arbitration agreement, and to enforce the agreement.

25. The subject matter of the State Court Action relates to an arbitration agreement falling under the New York Convention within the meaning of 9 U.S.C. § 205.  See, Hawkins v. KPMG LLP, 423 F.Supp.2d 1038 (N.D. Cal. 2006).

26. State court proceedings that relate to an arbitration agreement falling under the New York Convention (such as the State Court Action here) may be removed to federal court at any time before trial.  9 U.S.C. § 205 provides in relevant part:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

27. In addition to the timeliness of this removal 28 U.S.C. § 1446(b), this removal of this action from State Court is also timely because this removal is being effected before the trial of the State Action.  9 U.S.C. § 205.

## V. THE OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

28. Defendant has sought no similar relief with respect to this matter.

29. Written notice of the filing of this Notice of Removal will be given to the adverse parties as required by 28 U.S.C. § 1446(d).

30. Pursuant to 28 U.S.C. § 1446(a), Exhibits "A" and "B" consist of all process, pleadings, and order served on Defendant in the State Action.

31. Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in this Court because it is in the district and division embracing the place where the State Court Action is pending.

32. By filing this Notice of Removal, Phelps consents to the removal

of this case.

33. The allegations of this Notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Central District of California.

WHEREFORE, Phelps respectfully prays that the action be removed to this District Court and that this District Court assume full jurisdiction as if it had been originally filed here.

DATED: July 14, 2017          MUSICK, PEELER & GARRETT LLP


By: _____/s/ David A. Tartaglio_____
David A. Tartaglio
Laura K. Kim
Attorneys for Defendants PHELPS DUNBAR, LLP

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is One Wilshire Building, 624 South Grand Avenue, Suite 2000, Los Angeles, CA 90017-3383.

On July 17, 2017, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1331 and 1441(b) [FEDERAL QUESTION]** on the interested parties in this action as follows:

> **Bruce A. Broillet, Esq.**
> **Scott H. Carr, Esq.**
> **Alan Van Gelder, Esq.**
> **GREENE BROILLET & WHEELER, LLP**
> **100 Wilshire Boulevard, Suite 2100**
> **Santa Monica, California  90407**

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Musick, Peeler & Garrett LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 17, 2017, at Los Angeles, California.

/s/ Celeste Factora
Celeste S. Factora

**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW

1060025.1

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b)