**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
ONE WILSHIRE BUILDING
624 SOUTH GRAND AVENUE, SUITE 2000
LOS ANGELES, CALIFORNIA 90017-3383
TELEPHONE (213) 629-7600
FACSIMILE (213) 624-1376

David A. Tartaglio (State Bar No. 117232)
d.tartaglio@mpglaw.com
Laura K. Kim (State Bar No. 197944)
l.kim@mpglaw.com

Attorneys for Defendants PHELPS DUNBAR, LLP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,<br><br>Plaintiffs,<br><br>vs.<br><br>PHELPS DUNBAR, LLP; LINDAHL BECK, LLP; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. 2:17-cv-05232-JAK-AS<br><br>**PHELPS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>Date:  October 23, 2017<br>Time:  8:30 a.m.<br>Crtrm: 10B<br><br>Assigned for All Purposes to:<br>Hon. Kronstadt, Courtroom 10B |

Defendant Phelps Dunbar LLP hereby submits its Opposition to Plaintiffs' Motion to Remand.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff alleges in its Complaint that it consists of syndicates 623 and 2623 at Lloyd's, London.  Beazley Furlonge Ltd., Beazley Insurance Company, and its parent, affiliated and subsidiary entities, include Syndicates 623 and 2623. (Declaration of Marshall Redmon in support of Phelps' Motion to Compel Arbitration at ¶2.)  Hence, Plaintiff is referred to herein as "Beazley."

Beazley opposes federal jurisdiction over this case on the ground that removal was improper.  But none of its arguments support remand so as to prevent the Court from deciding Phelps Dunbar, LLP's ("Phelps") motion to compel arbitration and either to dismiss or stay the action.  [dkt. ## 13 and 14].

As explained in Phelps' motion to compel, this action was properly removed from state court under federal question and Section 205 of the Convention Act, because its subject matter "relates to" an arbitration agreement that "falls under" the New York Convention, which vests the Court with removal jurisdiction.  See 9 U.S.C. §205.  The Court's subject-matter jurisdiction springs, in turn, from Section 203, which provides that "[a]n action or proceeding falling under the [New York] Convention shall be deemed to arise under the laws and treaties of the United States."  9 U.S.C. §206; see also Notice of Removal, ¶19, (dkt. # 1).  This jurisdictional grant concurrently empowers the Court to decide Phelps' motion to compel arbitration: "A court having jurisdiction under [Chapter 2 of the Convention Act] may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States."  9 U.S.C. §206; see also Notice of Removal, ¶18, (dkt. # 1).

Since removal was proper, the Court should decide Phelps' motion to compel arbitration and deny Beazley's motion to remand.

## II. REMOVAL UNDER NEW YORK CONVENTION IS BROAD

Under 9 U.S.C § 205, Congress intended § 205 to provide for "easy removal" and to "confer jurisdiction liberally." See, Beiser v. Weyler, 284 F.3d 665, 674 (5th Cir. 2002); see also, Acosta v. Master Maint. & Constr. Inc., 452 F.3d 373, 377 (5th Cir. 2006) (describing § 205 as "one of the broadest removal provisions" and "emphasiz[ing] that the general rule of construing removal statutes strictly against removal cannot apply to [New York Convention] cases because in these instances, Congress created special removal rights to channel cases into federal court" (internal quotation marks omitted)).

## III. BEAZLEY IS BOUND BY THE ARBITRATION CLAUSE CONTAINED IN THE BEAZLEY GROUP CLAIMS TERMS OF SERVICE CONTRACT

Beazley argues that there is no arbitration clause that applies to this litigation and therefore removal was improper. Phelps disagrees for the reasons set forth in its motion to compel arbitration. To avoid duplication, Phelps hereby incorporates by reference the points and authorities in its motion and reply in support of that motion as if fully set forth herein. (See dkts. ## 13, 14 and 38).

## IV. CONCLUSION

For the foregoing reasons, Phelps respectfully requests that the Court deny Beazley's motion to remand.

DATED: August 31, 2017        MUSICK, PEELER & GARRETT LLP

By: _____s/ David A. Tartaglio_____
David A. Tartaglio
Laura K. Kim
Attorneys for Defendants PHELPS DUNBAR, LLP