Heather L. Rosing, Bar No. 183986
KLINEDINST PC
777 S. Figueroa St., Suite 2800
Los Angeles, California 90017
(213) 406-1100/FAX (213) 406-1101
hrosing@klinedinstlaw.com

Alisa S. Edelson, Bar No. 216269
KLINEDINST PC
777 S. Figueroa St., Suite 2800
Los Angeles, California 90017
(213) 406-1100/FAX (213) 406-1101
aedelson@klinedinstlaw.com

Attorneys for Defendant
LINDAHL BECK, LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PHELPS DUNBAR, LLP; LINDAHL BECK, LLP; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No.   2:17-cv-05232-JAK AS<br><br>**DEFENDANT LINDAHL BECK, LLP'S ANSWER TO COMPLAINT**<br><br>Courtroom:   10B<br>Judge:          Hon. John Kronstadt<br>Magistrate Judge: Hon. Alka Sagar<br>Complaint Filed:   7/14/17<br>Trial Date:     None set |

Defendant LINDAHL BECK, LLP ("Defendant") answers the Complaint filed by Plaintiff CERTAIN UNDERWRITERS AT LLOYD'S, LONDON ("Plaintiff") as follows:

## GENERAL ALLEGATIONS

1.　In answering paragraph 1 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny this allegation and, therefore, denies the same.

2. In answering paragraph 2 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny this allegation and, therefore, denies the same.

3. In answering paragraph 3 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny this allegation and, therefore, denies the same.

4. In answering paragraph 4 of the Complaint, Defendant admits that Defendant Phelps Dunbar, LLP ("Phelps Dunbar") was engaged as Plaintiff's counsel with respect to the matter entitled *Hooman Asbaghi et al. v. Neil K. Nydegger, et al.* filed in the San Diego Superior Court, bearing Case No. 37-2013-0006639-CU-PN-PTL (the "San Diego Action"). Except as so admitted, Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations and, therefore, denies the same.

5. In answering paragraph 5 of the Complaint, Defendant admits the allegations in this paragraph except that its principal place of business is located at 601 S. Figueroa Street, Suite 4400, Los Angeles, CA 90017.

6. In answering paragraph 6 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny this allegation and, therefore, denies the same.

7. In answering paragraph 7 of the Complaint, Defendant admits that Defendant and Phelps Dunbar provided advice and undertook legal work in the San Diego Action. Defendant further admits that it possesses the degree of skill, training, ability, and knowledge normally attributed to attorneys practicing in the State of California. Except as so admitted, Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations and, therefore, denies the same.

8. In answering paragraph 8 of the Complaint, Defendant lacks sufficient knowledge or information to admit or deny this allegation and, therefore, denies

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

the same.

## FIRST CAUSE OF ACTION

### (Legal Malpractice/Negligence Against All Defendants)

9. In answering paragraph 9 of the Complaint, this paragraph is a legal contention that need not be admitted or denied. Defendant incorporates by reference its responses to the preceding paragraphs.

10. In answering paragraph 10 of the Complaint, Defendant admits that Phelps Dunbar provided legal advice and acted as counsel for Plaintiff with respect to the San Diego Action, Plaintiff entered into an attorney-client relationship with Phelps Dunbar to advise Plaintiff regarding the San Diego Action, and Phelps Dunbar obligated itself to diligently advise Plaintiff and protect Plaintiff's interests in the San Diego Action. Except as so admitted, Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations and, therefore, denies the same.

11. In answering paragraph 11 of the Complaint, Defendant denies the allegation that Plaintiff hired Defendant on or about June 21, 2013 to represent Nydegger & Associates and Neil K Nydegger, Plaintiff's insured, in the California Litigation. Except as so admitted, Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations and, therefore, denies the same.

12. In answering paragraph 12 of the Complaint, Defendant admits that it was retained to represent Nydegger & Associates and Neil K Nydegger, Plaintiff's insured, in the San Diego Action. Defendant further admits that Phelps Dunbar was engaged as Plaintiff's counsel in the San Diego Action. Except as so admitted, Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations and, therefore, denies the same.

13. In answering paragraph 13 of the Complaint, Defendant admits that it was retained to represent Nydegger & Associates and Neil K Nydegger, Plaintiff's

<div style="margin-left:2em">

1   insured, in the San Diego Action. Defendant further admits that Phelps Dunbar was engaged as Plaintiff's counsel in the San Diego Action. Except as so admitted, Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations and, therefore, denies the same.

14. In answering paragraph 14 of the Complaint, Defendant admits that it was retained to represent Nydegger & Associates and Neil K Nydegger, Plaintiff's insured, in the San Diego Action. Defendant further admits that Phelps Dunbar was engaged as Plaintiff's counsel in the San Diego Action. Except as so admitted, Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations and, therefore, denies the same.

15. In answering paragraph 15 of the Complaint, Defendant denies the allegation against and as to Defendant only. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations and, therefore, denies the same.

16. In answering paragraph 16 of the Complaint, Defendant denies the allegation against and as to Defendant only. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations and, therefore, denies the same.

17. In answering paragraph 17 of the Complaint, Defendant denies the allegation against and as to Defendant only. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations and, therefore, denies the same.

18. In answering paragraph 18 of the Complaint, Defendant denies the allegation against and as to Defendant only. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations and, therefore, denies the same.

19. In answering paragraph 19 of the Complaint, Defendant denies the allegation against and as to Defendant only. Defendant lacks sufficient knowledge

</div>

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

or information to admit or deny the remaining allegations and, therefore, denies the same.

WHEREFORE, this answering Defendant prays that:

1. Plaintiff takes nothing by way of the Complaint;

2. Judgment be entered in favor of this answering Defendant and against Plaintiff upon the issues of the Complaint;

3. Defendant be awarded attorneys' fees and costs of suit herein incurred; and

4. Such other and further relief as the Court deems just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (No Due Process – Inability to Defend)

As a first and separate affirmative defense, Defendant alleges that its due process right to present a defense would be violated by its inability to disclose its former client's confidential information protected by the attorney-client privilege. (Evid. Code § 950, *et seq*.; *Solin v. O'Melveny & Myers* (2001) 89 Cal.App.4th 451; *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771.)

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

As a second and separate affirmative defense, Defendant alleges that Plaintiff lacks standing to prosecute its lawsuit or any causes of action found therein against this answering Defendant.

### THIRD AFFIRMATIVE DEFENSE

### (No Damages)

As a third and separate affirmative defense, Defendant alleges that Plaintiff has not suffered any appreciable harm as a result of Defendant's conduct.

///

///

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to State A Cause of Action)

As a fourth and separate affirmative defense, Defendant alleges that said Complaint, and each and every cause of action or purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

As a fifth and separate affirmative defense, Defendant alleges that Plaintiff, by its own acts and/or omissions is estopped from recovering at all against Defendant.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

As a sixth and separate affirmative defense, Defendant alleges that, Plaintiff, by its own acts and/or omissions, has waived its rights, if any, to recover against Defendant.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

As a seventh and separate affirmative defense, Defendant alleges that Plaintiff has failed to mitigate its damages, if any, in connection with the matters referred to in the Complaint and that such failure to mitigate bars and/or diminishes the Plaintiff's recovery, if any, against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
### (Uncertainty)

As an eighth and separate affirmative defense, Defendant alleges that the causes of action in said Complaint, and each of them, are uncertain and ambiguous as to Plaintiff's claims for damages against Defendant.

///

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

As a ninth and separate affirmative defense, Defendant alleges that the causes of action contained in the Complaint, and each of them, are barred by the doctrine of laches, in that the Plaintiff has unreasonably delayed in bringing these claims, and said delays have prejudiced Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a tenth and separate affirmative defense, Defendant alleges that said Complaint, and each and every cause of action or purported cause of action contained therein, is barred by all applicable statutes of limitation, including, but not limited to, *Code of Civil Procedure* sections 340.6.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Jurisdiction)

As an eleventh and separate affirmative defense, Defendant alleges that this court lacks subject matter jurisdiction and personal jurisdiction over Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Venue)

As a twelfth and separate affirmative defense, Defendant alleges that venue is improper.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Indispensable Parties)

As a thirteenth and separate affirmative defense, Defendant alleges that this action cannot proceed because Plaintiff has failed to join one or more indispensable parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Defendant's Acts Privileged)

As a fourteenth and separate affirmative defense, Defendant alleges that its

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

actions were at all times reasonable, justified or otherwise privileged, and that the Complaint is barred by the litigation privilege.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

As a fifteenth and separate affirmative defense, Defendant alleges that Plaintiff's claim is barred by the doctrine of unclean hands.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

As a sixteenth, separate affirmative defense to the Complaint herein, Defendant alleges that it was not legally responsible in any fashion with respect to the loss, injury, damage and detriment as claimed by Plaintiff herein; however, if this answering Defendant is found to be legally responsible, then this answering Defendant provisionally allege that their legal responsibility was not the sole and proximate cause of the alleged loss, injury, damage or detriment; and that the damages awarded to Plaintiff, if any, are to be apportioned according to the respective degrees of fault and legal responsibility of all parties, persons and entities, or the agents, servants and employees thereof who proximately contributed to and/or caused the said loss, injury, damage or detriment, according to proof presented at the time of trial.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Speculation)

As a seventeenth and separate affirmative defense, Defendant alleges that the damages and theories of causation alleged in the Complaint are speculative and not subject to determination by a finder of fact.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Additional Defenses)

As an eighteenth and separate affirmative defense, Defendant alleges that it may have additional defenses that cannot be articulated due to Plaintiff's failure to

1  particularize its claims, due to the fact that Defendant does not have copies of
2  certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to
3  provide more specific information concerning the nature of the damage claims, and
4  claims for certain costs which Plaintiff alleges that Defendant may share some
5  responsibility.  Defendant therefore reserves the right to assert additional defenses
6  upon further particularization of Plaintiff's claims, upon examination of the
7  documents provided, upon discovery of further information concerning the alleged
8  damage claims and claims for costs, and upon the development of other pertinent
9  information.

KLINEDINST PC

DATED: September 25, 2017        By: /s/ Alisa S. Edelson
                                         Heather L. Rosing
                                         Alisa S. Edelson
                                         Attorneys for Defendant
                                         LINDAHL BECK, LLP

17079988v1

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017