Heather L. Rosing, Bar No. 183986
KLINEDINST PC
777 S. Figueroa St., Suite 2800
Los Angeles, California 90017
(213) 406-1100/FAX (213) 406-1101
hrosing@klinedinstlaw.com

Alisa S. Edelson, Bar No. 216269
KLINEDINST PC
777 S. Figueroa St., Suite 2800
Los Angeles, California 90017
(213) 406-1100/FAX (213) 406-1101
aedelson@klinedinstlaw.com

Attorneys for Defendant
LINDAHL BECK, LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,<br><br>  Plaintiff,<br><br>v.<br><br>PHELPS DUNBAR, LLP; LINDAHL BECK, LLP; and DOES 1-10, inclusive,<br><br>  Defendants. | Case No.  2:17-cv-05232-JAK AS<br><br>**DEFENDANT LINDAHL BECK, LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 USC SECTION 1404(a)**<br><br>**Date:  December 4, 2017**<br>**Time:  8:30 a.m.**<br>**Courtroom:  10B**<br><br>Courtroom:      10B<br>Judge:             Hon. John Kronstadt<br>Magistrate Judge: Hon. Alka Sagar<br>Complaint Filed: 7/14/17<br>Trial Date:        None set |

TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................1

II. FACTUAL BACKGROUND .............................................................................2

    A. THE PRESENT ACTION ........................................................................2

    B. THE SAN DIEGO ACTION ....................................................................3

    C. ANTICIPATED WITNESSES LOCATED IN THE SOUTHERN DISTRICT ..................................................................................................4

III. THIS COURT HAS DISCRETION TO TRANSFER THIS ACTION TO THE SOUTHERN DISTRICT OF CALIFORNIA ..................................7

    A. LEGAL STANDARD................................................................................7

    B. THIS ACTION COULD HAVE BEEN BROUGHT IN THE SOUTHERN DISTRICT ............................................................................8

    C. NUMEROUS FACTORS SUPPORT TRANSFER TO THE SOUTHERN DISTRICT ............................................................................8

        1. CONVENIENCE OF THE WITNESSES ...................................8

        2. PLAINTIFF'S CHOICE OF FORUM SHOULD NOT BE GIVEN DEFERENCE.............................................................9

        3. THE PARTIES' CONTACTS WITH THE SOUTHERN DISTRICT AND CONTACTS RELATING TO PLAINTIFF'S CAUSE OF ACTION THAT ARE PRESENT IN THE SOUTHERN DISTRICT .........................11

        4. DIFFERENCES IN COSTS OF LITIGATION IN THE TWO FORUMS...........................................................................12

        5. AVAILABILITY OF COMPULSORY PROCESS TO COMPEL WITNESSES .........................................................12

        6. EASE OF ACCESS TO PROOF..................................................12

        7. PUBLIC POLICY ........................................................................13

IV. CONCLUSION .................................................................................................13

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Boyd v. Snyder*
  44 F.Supp.2d 966, 970 (N.D. Ill. 1999) ...............................................................10

*Cain v. New York State Bd. of Elections*
  630 F. Supp. 221, 227 (E.D.N.Y. 1986) .............................................................10

*Carolina Cas. Co. v. Data Broad Corp.*
  158 F. Supp. 2d 1044, 1048 (N.D. Cal 2001) ......................................................9

*Chrysler Capital Corp. v. Woehling*
  663 F. Supp. 478, 482 (D.Del. 1987) .................................................................10

*De Melo v. Lederle Labs.*
  801 F.2d 1058, 1062 n.4 (8th Cir. 1986) .............................................................9

*E&J Gallo Winery v. F & P S.p.A.*
  899 F. Supp. 465, 466 (E.D. Cal. 1994) ...............................................................7

*In re Apple, Inc.*
  602 F.3d 909, 913 (8th Cir. 2010) .......................................................................9

*In re Hoffman-La Roche Inc.*
  587 F.3d 1333, 1335 (Fed. Cir. 2009) ...............................................................13

*Italian Colors Rest. v. Am Express Co.*
  Case No. C 03-3719 SI, 2003 U.S. Dist. LEXIS 20338, 2003 WL 22682842, at
  *5 (N.D. Cal. Nov. 10, 2003) ............................................................................12

*Jones v. GNC Franchising, Inc.*
  211 F.3d 495, 498 (9th Cir. 2000) ................................................................. 7, 8

*Saleh v. Titan Corp.*
  361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) ........................................... 8, 9, 10

*Secs. Investor Protection Corp. v. Vigman*
  764 F.2d 1309, 1317 (9th Cir. 1985) ...................................................................9

*Sierra Club v. Flowers*
  276 F.Supp.2d 62, 67 (D.D.C. 2003) .................................................................10

*Williams v. Bowman*
  157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001) .......................................................9

**Statutes**

28 U.S.C. § 1391(b)(2) ............................................................................................8

28 U.S.C. § 1404(a) .................................................................................... 1, 7, 13

- ii -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE
PURSUANT TO 28 USC SECTION 1404(A)
2:17-cv-05232-JAK AS

*Metz v. United States Life Ins. Co.*
  674 F.Supp. 2d 1141, 1147 (C.D. Cal. 2009) ........................................................ 8

**Rules**

Rule 45 of the Federal Rules of Civil Procedure ....................................................... 12

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

## I. INTRODUCTION

Plaintiff Certain Underwriters at Lloyd's, London ("Certain Underwriters") initiated this action for legal malpractice against Defendants Phelps Dunbar, LLP ("Phelps") and Lindahl Beck, LLP ("Lindahl Beck") in the Los Angeles Superior Court. It has alleged that Phelps and Lindahl Beck breached the duty of care owed to it by failing to properly advise it on settlement of and properly defending its insured, a San Diego lawyer and law firm, in an action filed in San Diego. Shortly after the complaint was filed, Phelps removed the action to the Central District and filed a motion to compel arbitration between it and Certain Underwriters. Certain Underwriters then filed a motion for remand back to Los Angeles Superior Court. Both motions are scheduled to be heard on October 23, 2017 (the "October 23 Motions").

A ruling on either of the above motions may impact the ruling on this motion. Nonetheless, Lindahl Beck brings this motion to transfer this action to the Southern District of California pursuant to 28 U.S.C. § 1404(a) to avoid any waiver of its right to bring or any argument that it unreasonably delayed in the filing of this motion.

This motion should be granted because this district is an inconvenient forum for myriad reasons. First, approximately 11 material witnesses, including the parties in the underlying action, are located in San Diego – most of which are located more than 100 miles from Los Angeles – and, as such, it would be less costly to litigate in the Southern District. Further, Certain Underwriters, as a foreign plaintiff, is not entitled to deference for its choice of forum. Next, there are substantial contacts with the Southern District that weigh heavily in favor of transfer. Finally, the Southern District has a strong local interest in adjudicating actions involving lawyers, business, other individuals, and actions tried in San Diego.

## II. FACTUAL BACKGROUND

### A. The Present Action

Certain Underwriters, the plaintiff in this case, is an insurance syndicate doing business in California. (Compl. ¶ 3 [Request for Judicial Notice ("RJN"), Ex. #15].) Its principal place of business is in London, England.[1] (Declaration of Marshall Redmon submitted in support of Phelps' Motion for Remand, ¶ 2 [Docket#12-2].)

Lindahl Beck is a law firm located and engaged to practice law in California. (Compl. ¶ 5 [RJN, Ex. 15].) Certain Underwriters hired Lindahl Beck to defend its insured Nydegger & Associates ("N&A") and Neil K. Nydegger (collectively, "Nydegger et al.) in an action filed in San Diego Superior Court (the "San Diego Action"). (Compl. ¶ 11 [RJN, Ex. 15]; Declaration of Alan Van Gelder in support of Motion for Remand ("Van Gelder Decl."), ¶ 10 [Docket#31-1]; Complaint (RJN Ex. 8); First Amended Complaint ("FAC") (RJN, Ex. 9).)

Phelps is a law firm engaged by Certain Underwriters to act as its coverage and monitoring counsel with respect to certain litigation including the San Diego Action. (Compl. ¶¶ 4, 10 [RJN, Ex. 15]; Van Gelder Decl., ¶ 10 [Docket#31-1].) Phelps does not have any offices in California. (Accompanying Declaration of George Lindahl ("Lindahl Decl."), ¶ 6.)

The San Diego Action resulted in a judgment in excess of 45 million against Nydegger et al. (Judgment [RJN, Ex. 13]; Van Gelder Decl., ¶ 10 [Docket#31-1].)

On May 19, 2017, Certain Underwriters filed this lawsuit for legal malpractice against Phelps and Lindahl Beck in the Los Angeles Superior Court. (RJN, Ex. 15.) It has alleged that Phelps and Lindahl Beck breached the duty of care owed to it by failing to properly advise Certain Underwriters on settlement of and properly defending Nydegger et al. in the San Diego Action, which resulted in

---

[1] In addition, declarations submitted in support Certain Underwriters' motion for remand was executed in London, England. (Declaration of Stephanie DiChiara, p. 3 [Docket #31-7]; Declaration of Misha Nategi, p. 3 [Docket#31-6].)

1   a judgment in excess of available insurance  (Compl., ¶¶ 11-13, 16 [RJN, Ex. 15]; Van Gelder Decl., ¶ 10 [Docket#31-1].)

   Phelps removed this action on July 14, 2017.  As noted above, Phelps filed a motion to compel arbitration on the basis the parties entered into an agreement to arbitrate this dispute in London and that this agreement provides the court with subject matter jurisdiction.  In response, Certain Underwriters filed a motion for remand contending there is no such enforceable agreement and this matter should be remanded back to Los Angeles Superior Court.  Both motions are set for hearing on October 23, 2017 along with a Scheduling Conference.

### B. The San Diego Action

On September 10, 2013, HBA Medical Group and its principal Hooman Asbaghi (collectively, "HBA" unless indicated otherwise) filed a lawsuit in the San Diego Superior Court against their attorneys Neil Nydegger and N&A for malpractice.  HBA alleged that Nydegger et al. failed to file, prosecute and otherwise maintain certain patent applications including a dental needle patent, USPTO patent registration no. 6,530,905 (the "905 patent"), which resulted in the abandonment of the patent. (Compl. [RJN Ex. 8].)

Mr. Asbaghi resides and works in San Diego.  (Compl. ¶ 1 [RJN Ex. 8]; FAC ¶ 1 [RJN Ex. 9]; Business Entity Search and CA Secretary of State Statement of Information for HBA [RJN Exs. 1, 2].)  HBA is located in San Diego. (Business Entity Search and CA Secretary of State Statement of Information for HBA [RJN Exs. 1, 2].)  HBA representatives Kami Kohani and Don Millerd are also in San Diego. (Accompany Declaration of Alisa Edelson ("Edelson Decl.") Exs. 2-5.)

HBA and Mr. Asbaghi were initially represented by a San Diego law firm, Wolfe Law Group, which included Deborah Wolfe and her colleague Brian Worthington.  (CA State Bar Profiles [RJN Exs. 3, 4].)  Daryoosh Khashayar later substituted in as counsel in March 2016 and is also located in San Diego.

(Substitutions of Attorney [RJN Ex. 11]; CA State Bar Profile [RJN Ex. 5].) One of HBA's designated experts Robert Wallace is also in San Diego. (Joint Trial Readiness Conference Report, p. 5 (designated as a witness) and Ex. 2, p.1 (expert designation) [RJN Ex. 12]; CA Secretary of State Statement [RJN Ex. 16].)

Neil Nydegger and his firm are in San Diego. (Compl. ¶ 3 [RJN Ex. 8]; First Amended Complaint ("FAC") ¶ 3 [RJN Ex. 9]; CA State Bar Profile [RJN Ex. 6].) N&A current/former employees with knowledge pertaining to the San Diego Action include Taryl Anderson, a legal assistant, and Matt Hillman, an associate. (Lindahl Decl. ¶ 4; CA State Bar Profile [RJN Ex. 7].) In addition, Nydegger et al.'s coverage counsel, Charles Fanning, is in San Diego. (Lindahl Decl., ¶ 9; CA State Bar Profile [RJN Ex. 17].)

A mediation took place on July 30, 2014 at Judicate West in San Diego. Members of Phelps Dunbar participated in the mediation. (Lindahl Decl. ¶ 7.)

This action was tried before the Honorable Kevin Enright in August 2016. (Register of Actions [RJN Ex. 14].) Judgment was entered on October 20, 2016. (Judgment [RJN Ex. 13].) Post-trial motions were filed in November 2016. (Register of Actions, p. 12 [RJN Ex. 14].) Before the motions were heard, the matter settled. (Van Gelder Decl. ¶ 10 [Docket#31-1]; Register of Actions, p. 14 [RJN Ex. 14].)

**C.     Anticipated Witnesses Located In The Southern District**

The following are the names of persons presently known to Lindahl Beck located within the Southern District and the matters upon which they are expected to testify[2]:

(i)     HBA principal Hooman Asbaghi: retention and work performed by Nydegger et al. with respect to filing, maintenance, and prosecution of

---

[2] All of the listed individuals were identified as witnesses in the Joint Trial Readiness Conference Report and/or discovery responses from the San Diego Action. (Report, pp. 4, 5 [RJN Ex. 12]; Lindahl Decl. Ex. 1 (responses to special interrogatories).)

various patents including failure to pay the maintenance fee and abandonment of the 905 patent; marketing, licensing, and development efforts of the 905 patent; damages resulting from abandonment of the 905 patent; defense of the San Diego Action by Lindahl Beck including, without limitation to, discovery conducted, trial, and settlement efforts and discussions.

(ii) HBA partner Kami Kohani, DDS: retention and work performed by Nydegger et al. with respect to filing, maintenance, and prosecution of various patents including failure to pay the maintenance fee and abandonment of the 905 patent; marketing, licensing, and development efforts of the 905 patent; damages resulting from abandonment of the 905 patent.

(iii) HBA engineer Donald Millerd: retention and work performed by Nydegger et al. with respect to filing, maintenance, and prosecution of various patents including failure to pay the maintenance fee and abandonment of the 905 patent; marketing, licensing, and development efforts of the 905 patent; damages resulting from abandonment of the 905 patent.

(iv) HBA designated expert Robert Wallace: economic loss and damages resulting from abandonment of the 905 patent.

(v) Deborah A. Wolfe, Esq. of Wolfe Law Group: prosecution of the San Diego action on behalf of HBA and Hooman Asbaghi; defense of the San Diego Action by Lindahl Beck including, without limitation to, discovery conducted, trial, and settlement efforts and discussions.

(vi) Brian Worthington, Esq. of Wolfe Law Group: prosecution of the San Diego action on behalf of HBA and Hooman Asbaghi; defense of the San Diego Action by Lindahl Beck including, without limitation to, discovery conducted, trial, and settlement efforts and discussions.

1     (vii) Daryoosh Khashayar, Esq. of Khashayar Law Group: prosecution of
2              the San Diego Action on behalf of HBA and Hooman Asbaghi;
3              defense of the San Diego Action by Lindahl Beck including, without
4              limitation to, discovery conducted, trial, and settlement efforts and
5              discussions.

6     (viii) Neil Nydegger, Esq. of N&A: retention by and work performed on
7              behalf of HBA and Hooman Asbaghi with respect to filing,
8              maintenance, and prosecution of various patents including failure to
9              pay the maintenance fee and abandonment of the 905 patent; damages
10             resulting from abandonment of the 905 patent; defense of the San
11             Diego action by Lindahl Beck including, without limitation to,
12             litigation management, case strategy, decision-making, discovery
13             conducted, trial, settlement efforts and discussions.

14     (ix) N&A assistant Taryl Anderson: retention by and work performed on
15             behalf of HBA and Hooman Asbaghi with respect to filing,
16             maintenance, and prosecution of various patents including failure to
17             pay the maintenance fee and abandonment of the 905 patent; damages
18             resulting from abandonment of the 905 patent; defense of the San
19             Diego action by Lindahl Beck including, without limitation to,
20             litigation management, case strategy, decision-making, discovery
21             conducted, trial, settlement efforts and discussions.

22     (x) N&A associate Matt Hillman: retention by and work performed on
23             behalf of HBA and Hooman Asbaghi with respect to filing,
24             maintenance, and prosecution of various patents including failure to
25             pay the maintenance fee and abandonment of the 905 patent; damages
26             resulting from abandonment of the 905 patent; defense of the San
27             Diego action by Lindahl Beck including, without limitation to,
28             litigation management, case strategy, decision-making, discovery

KLINEDINST PC
777 S. FIGUEROA ST., SUITE 2800
LOS ANGELES, CALIFORNIA 90017

conducted, trial, settlement efforts and discussions.

(xi) Charles Fanning, Esq.: efforts to settle the San Diego action including communications with Phelps, Certain Underwriters, and Lindahl.

Edelson Decl. ¶ 6; Lindahl Decl. ¶¶ 4-9.

## III. THIS COURT HAS DISCRETION TO TRANSFER THIS ACTION TO THE SOUTHERN DISTRICT OF CALIFORNIA

### A. Legal Standard

This Court has the authority to transfer this case to the Southern District under 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. (28 U.S.C. § 1404(a).)

Under 28 U.S.C. § 1404(a), the court "has discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quotations omitted). Indeed, the court has inherently broad discretion to consider the particular facts in each case concerning the factors of convenience of the parties, convenience of the witnesses, and the interest of justice. *E&J Gallo Winery v. F & P S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).

> A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to

compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. (*Jones v. GNC Franchising, Inc*., 211 F.3d 495, 498-499 (9th Cir. Cal. 2000).)

### B. This Action Could Have Been Brought In The Southern District

Venue is proper in any judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). As discussed above, this action arising out of malpractice purportedly committed in San Diego, resulting in a lawsuit filed, mediated, and tried in San Diego. The parties in the San Diego Action are located in San Diego; counsel for the plaintiffs in that action is located in San Diego; and coverage counsel for the defendants is located in San Diego. As such, this action could have been brought in the Southern District where Defendants would have also been subject to the personal jurisdiction of another California District Court.

### C. Numerous Factors Support Transfer To The Southern District

#### 1. Convenience Of The Witnesses

"'The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a).'" *Metz v. United States Life Ins. Co*., 674 F.Supp. 2d 1141, 1147 (C.D. Cal. 2009) (quoting *Saleh v. Titan Corp.,* 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005)). In granting the motion to transfer, the *Metz* court noted that the majority of potential witnesses were located in the transferee court and only one party (the plaintiff) was located in the transferor court. *Metz*, 674 F.Supp.2d at 1147.

As detailed above, a majority of the key witnesses from the San Diego Action are located in San Diego: (i) plaintiffs Hooman Asbaghi and HBA including HBA's representatives Kami Kohani, Donald Millerd, and designated expert Robert Wallace, (ii) Wolfe Legal Group, Inc. and the Kashayar Law Group

who represented plaintiffs Hooman Asbaghi and HBA Medical Group, Inc., (iii) Nydegger et al. and its employees Taryl Anderson and Matt Hillman, and (iv) Nydegger's coverage counsel Charles Fanning.[3]

The anticipated testimony of these individuals is directly relevant to the core allegations in this case that Phelps and Lindahl committed legal malpractice in connection with the San Diego Action including with respect to defense of and advising of settlement of the San Diego Action. *See supra* Part II.C.

To require these germane non-party witnesses to travel to Los Angeles for deposition or trial would be highly inconvenient – let alone precluded by FRCP Rule 45 as discussed below.

### 2. Plaintiff's Choice Of Forum Should Not Be Given Deference

Generally, a plaintiff's choice of forum is given substantial weight under Section 1404(a). *Secs. Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985). However, this rule is "substantially attenuated" where the plaintiff has commenced the action in a forum that is not the plaintiff's residence. *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) ("a foreign plaintiff's choice of forum is 'is entitled to substantially less deference'") (quoting *De Melo v. Lederle Labs.*, 801 F.2d 1058, 1062 n.4 (8th Cir. 1986)); *Saleh v. Titan Corp.,* 361 F.Supp.2d 1152, 1156-57 (S.D. Cal. 2005); *Carolina Cas. Co. v. Data Broad Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal 2001); *Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001) ("[T]he degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint.") (internal quotations and citation omitted). In such cases, plaintiff's choice of forum is given much less weight in ruling on a

---

[3] When asked to identify any party witnesses located in the Central District or to articulate a basis that Los Angeles was, in fact, the proper venue, counsel for Certain Underwriters did not respond. Edelson Decl. Ex. 1.

discretionary transfer motion. *Saleh,* 361 F.Supp.2d at 1156-57; *Carolinas Cas.*, 158 F.Supp.2d at 1048. As stated above, there is no evidence or even allegation by Certain Underwriters that it maintains an office or is otherwise located in the Central District – let alone anywhere in California. Rather, its principal place of business is in London.

Similarly, if the selected forum lacks any significant contact with the activities alleged in the complaint, the plaintiff's choice of forum will be given considerably less weight. *Saleh,* 361 F.Supp.2d at 1157-58 (citing *Cain v. New York State Bd. of Elections*, 630 F. Supp. 221, 227 (E.D.N.Y. 1986)) ( the "choice [of forum] is not entitled to the weight generally accorded such a decision where there is lacking any material connection or significant contact between the forum and the events allegedly underlying the cause of action"); *Chrysler Capital Corp. v. Woehling*, 663 F. Supp. 478, 482 (D.Del. 1987) ("[W]hen the plaintiff chooses a forum which has no connection to himself or the subject matter of the suit, and is thus not his home turf, ' the burden on the defendant is reduced and it is easier for the defendant to show that the balance of convenience favors transfer.") (citation omitted); *Boyd v. Snyder*, 44 F.Supp.2d 966, 970 (N.D. Ill. 1999) ("When the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value even if it is his home forum.") (internal quotations and citations omitted); *Sierra Club v. Flowers*, 276 F.Supp.2d 62, 67 (D.D.C. 2003) ("When the connection between the controversy, the plaintiff, and the chosen forum is attenuated, the court pays less deference to plaintiffs' choice of forum.").

As discussed in great detail above, the underlying action upon which this case is premised was filed, mediated, and tried in San Diego by and against parties from San Diego. Certain Underwriters has alleged the malpractice was committed in San Diego. Several representatives from both parties and one expert are also in San Diego. Finally, all of San Diego Action plaintiffs' counsel is located in San

Diego as is coverage counsel for Nydegger et al. In sharp contrast, the only connection to this forum is the office location of the moving party.

Based on the foregoing, the fact that Certain Underwriters chose to file this action in Los Angeles should be given little consideration.

### 3. The Parties' Contacts With The Southern District And Contacts Relating To Plaintiff's Cause of Action That Are Present In The Southern District

The parties have had substantial contacts with the Southern District. Similarly, substantial contacts relating to the underlying claim for malpractice occurred in the Southern District. As these contacts overlap, a summary of these contacts are as follows:

(i) Certain Underwriters engaged Lindahl Beck to represent its insured, a San Diego lawyer Neil Nydegger and his San Diego law firm Nydegger & Associates;

(ii) Neil Nydegger and his firm were sued in San Diego by a company located in San Diego, HBA, and its principal, Hooman Asbaghi, a San Diego resident[4];

(iii) HBA and Hooman Asbaghi were represented by two San Diego law firms;

(iv) Two HBA representatives who were identified as witnesses and testified at trial are located in San Diego;

(v) One of HBA's designated experts is located in San Diego;

(vi) The lawsuit against Neil Nydegger and his firm was litigated, mediated, and tried in San Diego; and

(vii) The alleged malpractice occurred in San Diego.

Indeed, other than their counsel located within this district, Lloyd's and

---

[4] A motion for nonsuit respecting Asbaghi's claim for lack of standing was granted.

Phelps Dunbar have had no relevant contacts with this district.

Thus, the substantial contacts with San Diego weigh in favor of a transfer to the Southern District.

### 4. Differences In Costs of Litigation In The Two Forums

The location of the witnesses is a factor to determine whether litigation costs support transfer to another venue. *Italian Colors Rest. v. Am Express Co.*, Case No. C 03-3719 SI, 2003 U.S. Dist. LEXIS 20338, 2003 WL 22682842, at *5 (N.D. Cal. Nov. 10, 2003) ("Generally, litigation costs are reduced when venue is located near most of the witnesses expected to testify or give depositions."). As detailed above, a majority of the anticipated witnesses in the San Diego Action are located in San Diego and, as such, it would be less costly to litigate there. Thus, the location of these witnesses weighs heavily in favor of transfer.

### 5. Availability of Compulsory Process To Compel Witnesses

Rule 45 of the Federal Rules of Civil Procedure permits a district court to compel a witness to attend deposition or trial (without substantial expense) within "100 miles of where the person resides, is employed, or regularly transacts business in person." Ten of the witnesses are employed or transact business more than 100 miles of Los Angeles.[5] As such, these witnesses cannot be compelled to deposition or to trial if substantial expense is incurred.

### 6. Ease of Access to Proof

This factor also favors transfer because much of the documentary evidence is also located in San Diego as the witnesses are in San Diego and the trial took place in San Diego.

---

[5] The following witnesses are located more 100 miles from the Central District: (1) HBA and Hooman Asbaghi, (136 miles); (2) HBA representative Kambiz Kohani (124 miles); (3) HBA engineer Donald Millerd (128 miles); (4) Wolfe Law Group including Deborah Wolfe and Brian Worthington (136 miles), (5) Neil Nydegger (126 miles), (6) Nydegger & Associates' assistant Taryl Anderson (126 miles), (7) Nydegger & Associates' associate Matt Hillman (111 miles), (8) HBA's expert Robert Wallace (136 Miles), and (9) Charles Fanning (128 miles),

### 7. Public Policy

A district court may have a strong local interest when the claim "calls into question the work and reputation of several individuals residing in or . . . conducting business in that community." *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1335 (Fed. Cir. 2009). As noted above, ten material witnesses reside and conduct business in that community. In addition, the parties in this action conducted business in San Diego by representing a San Diego resident in a trial in San Diego against another San Diego resident. Therefore, the Southern District has a strong interest in adjudicating an action involving lawyers, businesses, and individuals located in San Diego.

## IV. CONCLUSION

For the foregoing reasons, Lindahl Beck respectfully requests that this action be transferred to the Southern District of California pursuant to 28 U.S.C. § 1404(a) for convenience of the witnesses and in the interests of justice.

KLINEDINST PC

DATED: September 25, 2017   By:  /s/ Alisa S. Edelson
                                  Heather L. Rosing
                                  Alisa S. Edelson
                                  Attorneys for Defendant
                                  LINDAHL BECK, LLP

17076989v1